IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NILESHKUMAR PATEL,       :
                               :
     Petitioner,        :
                               :
     v.                :    4:14-cv-02311
                               :
MARY SABOL, et al.      :    (Judge Brann)
                               :
     Respondents.     :

## MEMORANDUM

### June 1, 2015

Petitioner Nileshkumar Patel, formerly a detainee of Immigration and Customs Enforcement ("ICE") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by ICE pending removal from the United States.  (ECF No. 1).  Pending before the Court is Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation recommending that Patel's Petition be denied.  For the reasons set forth below, Magistrate Judge Saporito's Report and Recommendation is rejected, and the Petition is dismissed.

## I.   Background

Patel, a native and citizen of India, first entered the United States in July 2008 as a non-immigrant visitor.  (ECF No. 3).  Patel thereafter overstayed his visa and was ordered removed from the country.  (ECF No. 1, at ¶ 12).  On October 11, 2012, Patel was arrested and charged with conspiracy to distribute K2 synthetic

marijuana.  Id. at ¶ 13.  On June 10, 2013, Patel pled guilty to the charges and was

sentenced to a term of imprisonment of two to four years.  Id. at ¶ 14.

On December 4, 2014, Patel filed a petition for writ of habeas corpus with

this Court alleging that his continued detention pending removal from the United

States was contrary to the United States Supreme Court's holding in Zadvydas v.

Davis, 533 U.S. 678 (2001).  (ECF No. 1).  Patel did not challenge the underlying

order of removal.  Id.  Patel instead requested that this Court order his release from

ICE custody pending removal from the United States.  Id.

On April 9, 2015, Magistrate Judge Saporito issued a thorough and well-

reasoned Report and Recommendation recommending that the Habeas Petition be

denied, and that ICE be ordered to conduct another custody review for Patel within

thirty days.  (ECF No. 6).  Unfortunately ICE and the United States Attorney's

Office failed to submit a timely suggestion of mootness and notify the Court that,

at the time Magistrate Judge Saporito issued his Report and Recommendation,

Patel had already been released from custody.  On May 12, 2015, Respondents

filed a suggestion of mootness, notifying the Court that as of February 20, 2015

Patel had been released from ICE custody on supervisory release.  (ECF No. 7).

## II.   Discussion

Article III of the United States Constitution limits federal courts to the

adjudication of only ongoing cases and controversies.  U.S. Const. art. III, § 2, cl.

1.  If at any time a petitioner does not have a "personal stake in the outcome" of the suit, "the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court had addressed the merits of the petition." DeFoy v. McCulough, 393 F.3d 439, 441 (3d Cir. 2005) (citing Lane v. Williams, 455 U.S. 624, 631 (1982)).  Consequently, where an ICE detainee challenges only his or her continued detention and not the underlying order of removal, the Habeas Petition becomes moot upon release from detention. E.g., Sanchez v. Attorney Gen., U.S., 146 F. App'x 547, 549 (3d Cir. 2005).

Respondents' have submitted a suggestion of mootness stating that Patel was released from custody to supervised release on February 10, 2015.  (ECF No. 7).  The suggestion of mootness notes that Patel's counsel agrees that the Habeas Petition is now moot.  Id.  A search of the ICE online inmate locator system confirms that Nileshkumar Patel, detainee number A087 394 307, is no longer in ICE custody.  As the only relief sought by Patel was his release from ICE custody, this Court can no longer grant any relief in this matter.  Therefore, the petition must be dismissed as moot.  Sanchez, 146 F.App'x at 549.

**IV.    <u>Conclusion</u>**

A review of the record reveals that Patel's petition for writ of habeas corpus is moot.  For that reason, this Court does not have jurisdiction to entertain the Habeas Petition, and Magistrate Judge Saporito's well-reasoned Report and Recommendation must be rejected as moot.  Patel's Petition for a Writ of Habeas Corpus will be dismissed.

An appropriate Order will be entered.

BY THE COURT:

<u>s/Matthew W. Brann</u>
Matthew W. Brann
United States District Judge